Rufus B. Bradford & another *vs.* Atherton H. Stevens.

Under the *St.* of 1852, *c.* 322, § 14, intoxicating liquors might be sold by any person, though not himself the importer, in the original unbroken packages in which they were imported, and in quantities not less than those prescribed by the laws of the United States.

In a book of original entry, entries of sales, begun by another person, but finished and the quantities and prices entered by the clerk producing them, are admissible in evidence of the sales, although he has no independent recollection on the subject; and copies of these entries, made by another in a second book, and verified by the witness, are also admissible, in connection with the first book.

In an action in which an auditor's report had been produced in evidence by the plaintiff, the judge instructed the jury that the burden of proof was upon the plaintiff, and was not satisfied by the auditor's report; that this was *prima facie* evidence, but might be rebutted by the defendant; that, if not rebutted, the verdict should be for the plaintiff; but if on the whole testimony there was a preponderance of evidence in favor of the defendant, the verdict should be for him. *Held,* that the defendant had no ground of exception.

---

ACTION OF CONTRACT upon an account annexed. The case was referred to an auditor, who allowed certain items of intoxicating liquors, not imported by the plaintiffs, but purchased by them of the importers in the original, unbroken packages, and in quantities not less than the laws of the United States prescribed ; and sold by them to the defendant in this state, without any license, after the passage of the *St.* of 1852, *c.* 322, and before the passage of the *St.* of 1855, *c.* 215, in the same packages and condition in all respects in which they had been imported.

At the trial in the superior court of Suffolk at May term 1856, before *Nash,* J., the plaintiffs offered the auditor's report in evidence.. The defendant contended that the plaintiffs could not recover the price of these liquors. But the judge ruled otherwise.

A clerk of the plaintiffs testified before the auditor that he sold and delivered to the defendant several of the articles charged in the plaintiffs' account, and at the same time made entries of their weights and measures in a book kept for that purpose, which he produced, and which contained marks denoting their delivery ; that he knew his entries to have been accurately and truly made ; but had no recollection, independently of the book, of the times of sale, or the quantities and prices of the articles sold. He also testified that in one instance, in his absence, the defendant's name was entered on the same book as having ordered certain articles; that he took the book and put up the articles, and entered their weights and measures upon the book ; that those articles with their weights and measures were transferred, but not by the witness, from that book into the plaintiffs' day book to the debit of the defendant ; and after their entry in the day book the witness delivered those articles to the defendant, and made a mark against them on the day book indicating such delivery.

The defendant objected to the admission of the clerk's testimony and the books, and of the auditor's report founded thereon, because the clerk had no independent recollection of the facts ; because the book was not the plaintiffs' book of original entry ; and because the entries of one transaction were made by an-

other clerk. But the judge, upon examination of the two books was satisfied as matter of fact that the first book was the plaintiffs' book of original entries of charges, and that in the instance last mentioned the entries, although begun in the handwriting of another person, were finished, and the quantities, prices, weights and measures entered, by the witness; and was of opinion that the entries were therefore substantially made by him, and that these entries having afterwards been copied into the day book by another clerk, and certain marks, called " delivery marks," affixed to them by the witness, that book was also admissible in connection with the first book.

The judge further instructed the jury that the burden of proof was upon the plaintiffs and was not satisfied by the auditor's report which had been produced in evidence; that this was *prima facie* evidence of the plaintiffs' claim, but might be rebutted by evidence adduced by the defendant; that if not rebutted, the verdict should be for the plaintiffs; and that if on the whole testimony there was a preponderance of evidence in favor of the defendant, the verdict should be for him.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*E. Ripley*, for the defendant.

*G. H. Preston*, for the plaintiffs.

BIGELOW, J. The clear implication of *St.* 1852, *c.* 322, § 14, is, that liquors imported regularly under the laws of the United States, and contained in the original packages, are not intended to be included within the prohibition and restraints enacted in that statute. The defendant was therefore liable for the price of those articles which were proved to have been in the original and unbroken packages in which they were imported, in quantities not less than those prescribed by the laws of the United States. The " owner and possessor" of such liquors, and not the importer only, is entitled to the immunity contemplated by the provisions of that section of the statute. It is otherwise under the *St.* of 1855, *c.* 215, which, by § 2, exempts from the penalties therein provided the importer of foreign liquors only, and not those holding the original package by purchase under him.

Upon the facts found by the court concerning the books used before the auditor, we think they were properly admitted in evidence ; and that the report of the auditor was submitted to the jury with appropriate comments, to which no valid objection can be taken.                                    *Exceptions overruled.*